THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
GREGORY J. TISLER, Defendant-Appellant.

Third District   No. 82—660

Opinion filed April 27, 1983.—Rehearing denied May 25, 1983.

Robert Agostinelli and Sue Augustus, both of State Appellate Defender's Officer, of Ottawa, for appellant.

Gary L. Peterlin, State's Attorney, of Ottawa (John X. Breslin and Vicki R. Wright, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

The defendant, Gregory J. Tisler, appeals his conviction for unlawful possession of a controlled substance, less than 30 grams of LSD, following a trial without a jury in the circuit court of La Salle County.

The sole issue on appeal is whether the trial court properly denied the defendant's motion to quash his arrest and suppress the evidence obtained as a result of his apprehension.

The facts indicate that on January 9, 1982, Officer James Hollenbeck of the Marseilles Police Department received a telephone call from a known informant. The informant told Hollenbeck that at 3:40 p.m. (approximately one hour from the time of the call) a green two-door Chevy Camaro with license plates bearing JAT would cross the River Bridge enroute from Streator to Marseilles. The informant stated that the automobile would be driven by the defendant with Jerry Cox accompanying him as a passenger in the vehicle. The informant stated the Camaro would proceed across the River Bridge to

the Number Nine Game Room. The informant revealed that the defendant intended to deliver several "hits" of LSD, which had been purchased in Streator, to the Number Nine Game Room. The informant related that the LSD would be contained in small and easily disposable packages on the defendant's person. The informant said that the defendant should not be apprehended until after he had parked the car and left the vehicle.

Hollenbeck knew the Number Nine Game Room to be a local "hangout" frequented by teenagers to play pool, video games and pinball machines. Marseilles is a small community and Hollenbeck knew many of the residents and their vehicles by sight, including the defendant and Cox and the green Camaro.

After the informant's telephone call, Hollenbeck tried to procure a search warrant but was unsuccessful due to the fact that it was a weekend and apparently neither a judge nor the State's Attorney could be located. Hollenbeck decided to proceed without a warrant due to the fact that the informant had given reliable information to him on previous occasions.

Officers Hollenbeck and Stevenson drove to a location near the River Bridge in Marseilles and at approximately 3:45 p.m. observed the defendant and Cox and an unidentified male in the back seat approaching Marseilles in the green Camaro. The defendant drove directly to the game room and parked the vehicle in the street.

When the officers approached the defendant after he got out of his car they observed the end of a plastic bag protruding from the defendant's left hand. When questioned about the bag and its contents, the defendant replied that he had "nothing" and put his hand behind his back. Hollenbeck grabbed the defendant's hand and opened it and found a small plastic bag containing several pills. The defendant was arrested, and a subsequent test of the pills indicated the presence of LSD.

The defendant's father later spoke to Officer Hollenbeck at the police station and was told that his son had been arrested for possession of illegal drugs on a tip from "an anonymous caller."

On appeal, the defendant contends the circuit court erred in denying his motion to quash his arrest and suppress the evidence seized because the informant's tip did not reveal the informant's "basis of knowledge" as required by the first prong of the test announced in *Aguilar v. Texas* (1964), 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509. The defendant claims the informant's statement was unreliable because it failed to indicate the source of the informant's information. In addition, the defendant asserts the subsequent corroboration of the

informant's statement was insufficient to establish probable cause for his arrest.

The People respond by contending that the requirements of *Aguilar* were satisfied by the "self-verifying" details of the informant's tip and that the subsequent corroboration of the informant's information established sufficient probable cause to place the defendant under arrest.

Both sides acknowledge that the *Aguilar* test measures the reliability of both the informant's information and the reliability of the informant himself. The first prong of the test is known as the "basis of knowledge" prong and requires that the informant demonstrate his basis of knowledge by revealing the source of his information. In our opinion, the evidence indicates that this was not done here. Nothing in the record indicates how the informant came by the information he was conveying to the authorities. (*Stanley v. State* (1974), 19 Md. App. 507, 313 A.2d 847.) Statements containing mere conclusions of criminal activity without a statement regarding independent facts and personal observations do not provide a sufficient basis for a neutral magistrate to decide to issue a search warrant or to support a warrantless arrest. *People v. Gates* (1981), 85 Ill. 2d 376, 423 N.E.2d 887.

The defendant concedes that the second prong of the *Aguilar* test, the "veracity" prong, was met when Hollenbeck testified that he recognized the name and voice of the informant and that the individual had given reliable information to him on prior occasions. However, the information given to the officer failed to describe the basis of the defendant's alleged criminal activity. The informant did not indicate that he saw the defendant purchase the LSD or that he was familiar with such substances and could recognize and identify them. (*People v. Odom* (1980), 83 Ill. App. 3d 1022, 404 N.E.2d 997.) In fact, the informant told Hollenbeck that the defendant and Cox were on their way to Streator to pick up the LSD when the call was made so it would have been impossible for the informant to relate what had not yet occurred. Whether the informant was told by the defendant or a third party of the intended transaction or whether the informant supplied the LSD to the defendant himself, we are left to speculate. Hollenbeck did not testify that either the defendant or Cox were known drug dealers.

For the foregoing reasons we conclude that the arrest of the defendant was without probable cause and all evidence obtained as fruits thereof must be suppressed. *Beck v. Ohio* (1964), 379 U.S. 89, 13 L. Ed. 2d 142, 85 S. Ct. 223.

The judgment of the circuit court of La Salle County is reversed.

Judgment reversed.

ALLOY and HEIPLE, JJ., concur.